IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DONALD WAYNE THIELEMAN** | § | |
| **TDCJ-CID #1208971** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-08-078** |
| | § | |
| **ARANSAS COUNTY, ET AL.** | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No.104-134, 110 Stat. 1321(1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.     Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    Factual Allegations.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Ellis Unit in Huntsville, Texas. He filed this action on March 12, 2008, against Aransas County and the Aransas County District Clerk, Pam Heard, alleging that Ms. Heard had unlawfully removed funds from his inmate trust fund account and that Aransas County has a policy or practice of authorizing this unlawful taking, in violation of his constitutional rights. (D.E. 1). More specifically, plaintiff relates the following allegations in his original complaint:

On September 2, 2002, plaintiff was charged with two counts of burglary of a habitation in Rockport, Aransas County, Texas. The counts were tried together in Cause No. A-02-5157-CR. On June 4, 2003, plaintiff was found not guilty on one count, and guilty on the other. On August 12, 2003, the trial court filed its Judgment of Conviction and assessed court costs at $977.00. On September 26, 2003, plaintiff appealed his conviction.

On April 6, 2006, Ms. Heard certified that plaintiff owed a total of $3,017.00 in court costs. The trial court issued an order authorizing the TDCJ-CID to withdraw the monies owing from plaintiff's inmate trust fund account pursuant to the provision of § 501.014 of

the Texas Government Code. On April 16, 2006, the TDCJ-CID deducted $1,971.08 from plaintiff's trust fund account, and placed a hold on an additional $1,045.92 pursuant to the Aransas County trial court order.

On October 26, 2006, the Thirteenth Court of Appeals affirmed plaintiff's conviction.

Plaintiff argues that he is not liable for the increased court costs imposed against him because: (1) the costs represent a service that was not rendered or performed; (2) the costs are not provided for by law; and (3) the charges could not be imposed or collected prior to his criminal conviction being final. Plaintiff claims there was a hearing at which the increased costs were imposed, but he did not attend the hearing, in violation of his due process rights. He argues also that no actual services were rendered or performed to justify the increased court costs. He claims that § 501.014 is unconstitutional because it is overly broad and vague.

Plaintiff claims also that the taking of the money from his account constitutes an illegal seizure in violation of the Fourth Amendment. He argues that defendants were required to follow proper garnishment or turnover procedures, including notice and a hearing, to remove monies from his trust fund account, but that they failed to do so, thus violating his constitutional rights.

Plaintiff seeks compensatory damages of $1,971.08 plus punitive damages in the amount of $5,000.00.

### III. Discussion.

### A. Legal standard.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(per curiam) (citations); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

### B. Unconstitutional taking of personal property.

Plaintiff is challenging the assessment of court costs greater than that set forth in the Judgment of Conviction, the lack of notice of the increase in court costs, and the order authorizing Aransas County to withdraw those funds from his inmate trust fund account pursuant to Tex. Gov't Code § 501.014.

Section 501.014 provides in relevant part:

> (a) The department shall take possession of all money that an inmate has on the inmate's person or that is received with the inmate when the inmate arrives at a facility to be admitted to the

> custody of the department and all money the inmate receives at the department during confinement and shall credit the money to an account created for the inmate. The department may spend money from an inmate account on the written order of the inmate in whose name the account is established or as required by law or policy subject to restrictions on the expenditure established by law or policy. ...
>
> . . . . .
>
> (e) On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:
>
>> (1) as payment in full for all orders for child support;
>>
>> (2) as payment in full for all orders of restitution;
>>
>> (3) as payment in full for all orders for reimbursement of the Texas Department of Human Services for financial assistance
>> provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;
>>
>> **(4) as payment in full for all orders for court fees and costs;**
>>
>> (5) as payment in full for all orders for fines; and
>>
>> (6) as payment in full for any other court order, judgment, or writ.

Tex. Gov't Code. § 501.014(a), (e) (emphasis added).

In <u>Abdullah v. State</u>, 211 S.W.3d 938 (Tex. App.–Texarkana 2007), the district clerk for Hopkins County issued an ordered on April 6, 2006, directing the TDCJ-CID to make payment from Abdullah's inmate trust fund account to reimburse the county for "court costs, fees and/or fines" incurred during his criminal conviction. <u>Abdullah</u>, 211 S.W.3d at 940. Attached to the order was a summary bill of costs generated by the Hopkins County district clerk with the amount of $1,517.25 filled in; the judgment of conviction in which costs would be set out was left blank. <u>Id.</u> The appellate court found that Abdullah had not been afforded due process in the taking of the funds from his inmate account. <u>Id.</u> The Texarkana court found that the district court was required to pursue the inmate funds via a properly filed garnishment action. <u>Id.</u> at 941-42. Specifically, the court referenced Tex. Civ. Prac. & Rem. Code § 63.007 (Vernon Supp 2006), which provides:

> (A) A writ of garnishment may be issued against an inmate trust fund held under the authority of the Texas Department of Criminal Justice under Section 501.014, Government Code, to encumber money that is held for the benefit of an inmate in the fund.

Tex. Civ. Prac. & Rem Code § 63.007.

Taking plaintiff's allegations as true, it appears that defendants withdrew money from his inmate fund account without following the proper garnishment procedure. Plaintiff was not given notice that the monies were going to be taken, nor was he given the opportunity to attend the hearing or to challenge the costs assessed by Ms. Heard. Thus, he has stated a valid claim for a violation of his due process rights involving the taking of his trust fund account monies.

However, although plaintiff has stated a claim, he does not have a remedy in this Court, but must pursue the matter in state court. An adequate post-deprivation remedy for deprivation of property under color of law eliminates any due process claim under § 1983, regardless of whether the deprivation is negligent or intentional. See Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Under the Pratt/Hudson doctrine, a district court may dismiss a loss of property claim and require the plaintiff to pursue state remedies. A plaintiff may then pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983) The burden is on the inmate to show that the post-deprivation remedy is inadequate. See Myers v. Klevenhagan, 97 F.3d 91, 94 (5th Cir. 1996).

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); see also Beam v. Voss, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– – San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). Plaintiff alleges that defendants willfully took monies from his inmate trust fund account without due process. However, there is no indication that he has instituted an action for conversion in state court. More importantly, plaintiff has not alleged any inadequacy in the remedies available to him under Texas law. See Parratt, 451 U.S. at 544 ("The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are

7

sufficient to satisfy the requirements of due process."). Therefore, to the extent plaintiff is complaining about the taking of his funds in violation of his due process rights, he has failed to state a claim upon which relief can be granted.

**C.     Fourth Amendment.**

To the extent plaintiff argues that defendants' conduct violated his Fourth Amendment right to be free from an illegal search and seizure, this claim must fail because plaintiff is in prison, and as such, he is no longer guaranteed the protections of the Fourth Amendment. See Hudson, 468 U.S. at 538-39("Since the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason, any losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation. ... The Due Process and Taking Clauses of the Fifth and Fourteenth Amendments stand directly in opposition to state action intended to deprive people of their legally protected interests. These constitutional protections against the deprivation of private property do not abate at the time of imprisonment."

**D.     Failure to follow TDCJ procedures or investigate grievances.**

Plaintiff claims that defendants either failed to follow the proper procedures regarding his personal property or failed to investigate his grievances properly, in violation of TDCJ policies and procedures. Even if true, however, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Williams v. Treen, 671 F.2d 892, 900 (5th Cir. 1982).

## IV.     Recommendation.

For the foregoing reasons, it is respectfully recommended that plaintiff's § 1983 claims against defendants be dismissed for failure to state a claim. <u>See</u> 28 U.S.C. § § 1915(e)(2)(B)(i) and 1915A.

Respectfully submitted this 27th day of May, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).