UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DONALD WAYNE THIELEMAN,<br>　　Plaintiff<br><br>V.<br><br>COUNTY OF ARANSAS, TEXAS,<br>ET AL.,<br>　　Defendants | § § § § § § § § § | Civil No. CC-08-78 |

## ORDER OF DISMISSAL

In this case, *pro se* Plaintiff Donald Wayne Thieleman, who is currently incarcerated at the Ellis Unit in Huntsville, Texas, claims Aransas County, Texas, and its District Clerk unlawfully removed funds from his inmate trust fund account. *See* 42 U.S.C. §1983. He contends Defendants withdrew money from his account without following the proper garnishment procedure and that such conduct violated his due process rights, the right to be free from an illegal seizure under the Fourth Amendment, and TDCJ policies and procedures. Pending before the Court is the United States Magistrate Judge's recommendation that Plaintiff's claims be dismissed for failure to state a claim. *See* 42 U.S.C. 1997e(c); 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A. Although she concludes Plaintiff has stated a valid claim for violation of his due process rights, the Magistrate Judge recommends the Court dismiss this claim because Plaintiff has an adequate remedy at state law that he has not yet pursued. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

1

Plaintiff objects to the Magistrate Judge's recommendation concerning his claim that his due process rights were violated. Plaintiff states that he *has* pursued his claims in state court and provides specific case numbers (D.E. 11). On October 7, 2008, this Court ordered Plaintiff to supplement the record with relevant documents concerning his claims in state court, i.e. the docket sheet, petition, and judgment (D.E. 12). Plaintiff has since supplemented the record with those documents, which demonstrate that Plaintiff has in fact pursued his remedies at the state court level (D.E. 13, Attachment 2). Specifically, on November 26, 2007, Judge Michael Welborn of the 36th Judicial District Court of Aransas County, Texas, denied Plaintiff's "Motion Requesting Return of Illegally Seized Assets." On January 8, 2008, Plaintiff filed a petition for writ of mandamus, which was denied by the Thirteenth Court of Appeals on March 25, 2008.

Because Plaintiff has an adequate remedy under the laws of the State of Texas for his claim and has pursued that remedy, he is foreclosed from alleging a federal cause of action under 42 U.S.C. §1983. *Thompson*, 709 F.2d at 383 n. 3 (citing *Loftin v. Thomas*, 681 F.2d 364 (5th Cir. 1982). If the Texas courts had denied Plaintiff's request for relief for any reason other than his claim lacked merit, he would be able to seek federal relief. *Loftin*, 681 F.2d at 365. However, Plaintiff has failed to demonstrate to this Court that the Texas courts did not consider the merits of his claims in denying the relief requested. As such, Plaintiff's claim that Defendants' conduct violated his due process rights is DISMISSED for failure to state a claim.

Plaintiff does not object to the Magistrate Judge's recommended dismissal of his claims that Defendants' conduct violated the Fourth Amendment and TDCJ policies and procedures. The Court regards such omission as Plaintiff's agreement with and acceptance of the Magistrate Judge's findings. The Court finds no clear error in the Magistrate Judge's memorandum and adopts her findings and conclusions concerning those claims. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Plaintiff's claims that Defendants' conduct violated his rights under the Fourth Amendment and TDCJ policies and procedures are DISMISSED for failure to state a claim.

ORDERED this ___17___ day of ___February___, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE